IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS PENSION FUND OF ILLINOIS and SEBASTIEN CHERNEY, as Administrator, | ) ) ) | |
| | ) | CIVIL ACTION |
| Plaintiffs, | ) ) | NO. 25-9842 |
| vs. | ) ) | JUDGE |
| B SQUARE HOME RENOVATIONS, LLC., an Illinois limited liability company, | ) ) ) | |
| Defendant. | ) | |

## **COMPLAINT**

The Plaintiffs, CARPENTERS PENSION FUND OF ILLINOIS and SEBASTIEN CHERNEY, Administrator, by their attorneys, complaining of the Defendant, B Square Home Renovations, LLC., an Illinois limited liability company, allege as follows:

1.  This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2.  Plaintiff, the CARPENTERS PENSION FUND OF ILLINOIS ("Plaintiff Fund"), is a pension fund and brings this action as an "employee pension benefit fund," and "plan," under ERISA and Plaintiff, SEBASTIEN CHERNEY, is the Administrator of the Plaintiff Fund and a fiduciary with respect thereto. Plaintiff Fund is administered within this District.

3.  Defendant is obligated to make fringe benefit contributions to the Plaintiff Fund, under the terms of the "Agreement and Declaration of Trust," establishing and outlining the

administration of this Fund, and pursuant to the terms of a collective bargaining agreement adopting the "Agreement and Declaration of Trust" and entered into by Defendant.

4.      As an employer obligated to make fringe benefit contributions to the Plaintiff Fund, Defendant is specifically required to do the following:

(a)      To submit to Plaintiff Fund for each month, by the 15th day of the month following the month for which the report is made, a report stating the names, social security numbers, and total hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiff Fund; or, if no such persons are employed for a given month, to submit a report so stating;

(b)      To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable agreements;

(c)      To make all of its payroll books and records available to Plaintiff Fund for the purpose of auditing same, to determine whether Defendant is making full payment as required under the applicable agreements;

(d)      To compensate Plaintiff Fund for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions, by way of the payment of liquidated damages in the amount of 10 percent of any and all contributions which are not timely received by Plaintiff Fund for a particular month, as specified fully in Paragraph 4(a) above, together with interest as provided in ERISA, 29 U.S.C. §1132(g);

(e)      To pay any and all costs incurred by Plaintiff Fund in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiff Fund;

(f)      To pay Plaintiff Fund's reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions;

(g)      To furnish to Plaintiff Fund a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiff Fund, to cover future contributions due the Plaintiff Fund.

5.      Defendant is delinquent and has breached its obligations to Plaintiff Fund and its obligations under the plan in the following respect:

2

Defendant has failed and refused to submit all of its reports to Plaintiff Fund due, to date, and/or, has failed to make payment of all contributions acknowledged by Defendant thereon to be due Plaintiff Fund.

6.       That upon careful review of all records maintained by them, and after application of any and all partial payments made by Defendant, the total amount due is unknown, based upon Defendant's failure to submit all required reports or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

7.       Plaintiff Fund has requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

8.       Defendant's continuing refusal and failure to perform its obligations to Plaintiff Fund is causing and will continue to cause irreparable injuries to Plaintiff Fund for which Plaintiff Fund has no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

(A)     That an account be taken as to all employees of Defendant covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiff Fund, covering the period for which the collective bargaining agreement is to be effective;

(B)     That Defendant be enjoined and ordered to submit all delinquent monthly contribution reports to Plaintiff Fund with the information required to be provided thereon, to continue to submit such reports while this action is pending, and to comply with its contractual obligation to timely submit such reports in the future;

(C)     That judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions, liquidated damages, any costs of auditing Defendant's records, accrued interest, and Plaintiff Fund's reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the plan and in ERISA;

(D)     That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

/s/  Carson W. Fallo


Catherine M. Chapman
Carson W. Fallo
Attorneys for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 1825
Chicago, IL  60606-5250
Bar No.: 6345253
Telephone:  (312) 216-2550
Facsimile: (312) 236-0241
E-Mail: cfallo@baumsigman.com

I:\CarpsJ\B Square Home\complaint-pension daf.jmf.docx